IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLES LINDSEY PERRY, JR.,** | : | |
| **Plaintiff,** | : | |
| VS. | : | |
| | : | CIVIL No: 5:20-cv-00457-TES-CHW |
| **SGT. TIM DAVIS,**[1] | : | |
| **Defendants.** | : | |

## ORDER

In accordance with the Court's previous order, *pro se* Plaintiff Charles Lindsey Perry, Jr., has notified the Court that he was sentenced on the state superior court criminal proceedings against him and he now requests that the Court lift the stay of Plaintiff's claims for damages against Defendant Davis. ECF No. 18. Plaintiff's motion to lift the stay is **GRANTED**, and Plaintiff's fourth amendment claims regarding an illegal search and seizure shall proceed for further factual development against Defendant Davis.

### PRELIMINARY SCREENING

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

---

[1] In a previous order of the Court, claims against Defendants Judicial Administration of Lamar County, District Attorney Anita Howard, and Brad Moody were dismissed. ECF No. 14. Plaintiff's claims as to Sgt. Tim Davis were stayed, thus, he is the only remaining Defendant in this civil action. *Id.*

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise

a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

As discussed in the previous order and recommendation in this case, Plaintiff's claims arise from his detention and ultimate arrest in Anderson County, South Carolina for theft related offenses out of Lamar County, Georgia. ECF No. 7 at 5. Plaintiff claims that Sgt. Tim Davis, who is employed by the Lamar County, Georgia Sheriff's Department, made the arrest with assistance from Anderson County law enforcement officials. *Id.* Plaintiff claims that Sgt. Tim Davis did not have a warrant to arrest him or a search warrant for the U-Haul truck that Plaintiff was driving. *Id.* Plaintiff states that Defendant Davis unconstitutionally searched the truck and found two John Deere zero turn lawnmowers alleged to have been stolen from Lamar County. *Id.* Plaintiff further complains that "[t]here were no Miranda Rights", that Sgt. Davis never "stated his position (job description) through the arrest procedures", and that "the 4th Amendment: protects against

unreasonable search and seizure". *Id*. Plaintiff requested "civil reperation for being deprived of civil rights" (*Id*. at 6) which the Court construed as a request for damages (ECF No. 9 at 6).

In his letter notifying the Court that the criminal charges against him had been resolved, Plaintiff states that he pled guilty in the Lamar County Superior Court on February 4, 2022, and received a sentence of ten years, with the first five years to be served in confinement. ECF No. 18.

### III. Plaintiff's Claims

Plaintiff apparently seeks to challenge Defendant Davis's decision to detain him and to search his vehicle without a warrant.[2] *See* ECF No. 7 at 5. Such claims are governed under the Fourth Amendment. *Manuel v. City of Joliet*, 137 S. Ct. 911, 918 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause"); *Katz v. United States*, 389 U.S. 347, 357 (1967) (Warrantless searches "are *per se* unreasonable under the Fourth Amendment — subject to only a few specifically established and well-delineated exceptions.")

The United States Supreme Court has held, however, that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §

---

[2] Plaintiff also mentions a failure to give Miranda warnings. However, failure to provide Miranda warnings doesn't give rise to a § 1983 claim. See *Parris v. Taft*, 630 Fed. Appx. 895, 901 (11th Cir. 2015) (holding that the Plaintiiff "failed to state a claim under § 1983 because his allegation that the officers failed to follow *Miranda* procedures was insufficient to assert that the officers violated his substantive constitutional rights.")

1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

At this stage in the proceedings and with the limited information before the Court, it is unclear whether a finding in favor of Plaintiff in his Fourth Amendment claim would necessarily invalidate his sentence or conviction. *See Heck,* 512 U.S. at 487 n. 7 ("a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction"); *Harvey v. United States*, 681 F. App'x 850, 853–54 (11th Cir. 2017) *citing Hughes,* 350 F.3d at 1161 ("When the circumstances surrounding a conviction cannot be discerned from the record, it is impossible for a court to determine whether a successful § 1983 damages action for unreasonable search and seizure would necessarily imply that the conviction is invalid"). Though it appears that it may, it would nonetheless be premature to dismiss Plaintiff's claims at this stage of the proceedings in light of Plaintiff's requested relief of damages[3]. For this reason, Plaintiff's Fourth Amendment claims regarding an illegal search and seizure by Defendant Davis may proceed for further factual development.

---

[3] *But* s*ee Heck* 512 U.S. at 487 ("In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, see *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986), which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)".

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Sgt. Tim Davis of the Lamar County Sheriff's Department, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an

answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible,

but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

    **SO ORDERED**, this 11th day of May, 2022.

                                s/ Charles H. Weigle
                                Charles H. Weigle
                                United States Magistrate Judge