# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHARLES LINDSEY PERRY, JR.,**  *Plaintiff,*  v.  **JUDICIAL ADMINISTRATION OF LAMAR COUNTY, District Attorney ANITA HOWARD, BRAD MOODY, and Sgt. TIM DAVIS,**[1]  *Defendants.* | **CIVIL ACTION NO. 5:20-cv-00457-TES-CHW** |

## ORDER ADOPTING IN PART AND REJECTING IN PART THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 34] regarding Defendant Sgt. Tim Davis's Motion to Dismiss [Doc. 27] Plaintiff Charles Lindsey Perry, Jr.'s, claim under 42 U.S.C. § 1983 for an alleged Fourth Amendment violation. In short, the magistrate judge recommended that Defendant Davis's motion, citing Federal Rule of Civil Procedure 12(b), be denied because he "asks the Court to consider . . . an attachment" along with his Answer [Doc. 28]. [Doc. 27, p. 1]; [Doc. 34, p. 1]. To that end, the magistrate judge recognized that the Court may consider Defendant Davis's Answer on review of a motion made under

---

[1] Via a pervious ruling, the Court dismissed Plaintiff's claims against the Judicial Administration of Lamar County, Georgia; District Attorney Anita Reynolds Howard; and Brad Moody and terminated them as parties to this action. [Doc. 14, pp. 3–4].

Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as opposed to the proffered route under Rule12(b). [Doc. 34, p. 2]. Still though, the magistrate judge's R&R recommended that judgment under either Rule—Rule 12(b) or 12(c)—may not be awarded to Defendant Davis because he has not shown that the Court may consider the attachment to his Answer. [Doc. 34, p. 2]. Pointing out the Court's discretion to convert Defendant Davis's Rule 12-based motion into one for summary judgment under Federal Rule of Civil Procedure 56, the magistrate judge further recommended that summary judgment—based on the current record—would even be improper. [*Id.* (citing Fed. R. Civ. P. 12(d))]. Defendant Davis filed an Objection [Doc. 35].

A. **Legal Standards**

Given that the record before the Court touches on three different dispositive motions that are available under the Federal Rules of Civil Procedure, the Court finds it necessary to thoroughly address the standards applicable to each so that it's ruling is as clear as possible.

1. 28 U.S.C. § 636

Section 636 of Title 28 from the United States Code states that after the magistrate judge files his proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court[]" and that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### 2. Rule 12

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). If Rule 12(c) is the route to judgment, courts consider only the pleadings—the complaint, answer, and any exhibits to them. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also* Fed. R. Civ. P. 7(a). In determining whether a party is entitled to judgment on the pleadings, courts "accept the facts in the complaint as true and . . . view them in the light most favorable to the nonmoving party." *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If a comparison of the averments in the competing pleadings reveals a dispute of a material fact, judgment on the pleadings must be denied. *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956).[2]

---

[2] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Substantively, courts apply the same principles to a motion made under Rule 12(c) as they would to a motion to dismiss under Rule 12(b)(6). *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) ("Whether the court examine[s] [the complaint] under Rule 12(b)(6) or Rule 12(c), the question [is] the same: whether [the complaint] state[s] a claim for relief."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

    3.    <u>Rule 56</u>

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving

party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the initial responsibility of informing the court of the basis for its motion." *Four Parcels*, 941 F.2d at 1437. The movant may cite to particular parts of materials in the record, including, "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A). "When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material negating the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 323). Rather, "the moving party simply may show—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 324) (cleaned up). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

If this initial burden is satisfied, the burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d

5

1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or[] is not significantly probative' of a disputed fact." *Josendis*, 662 F.3d at 1315 (quoting *Anderson*, 477 U.S. at 249–50). "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Further, where a party fails to address another party's assertion of fact as required by Rule 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255. Succinctly put,

> [s]ummary judgment is not a time for fact-finding; that task is reserved for trial. Rather, on summary judgment, the district court must accept as fact all allegations the [nonmoving] party makes, provided they are sufficiently supported by evidence of record. So[,] when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020) (internal citations omitted).

Stated differently, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "The evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. And "if a reasonable jury could make more than one inference from the facts, and one of those permissible

6

inferences creates a genuine issue of material fact, a court cannot grant summary judgment"; it "must hold a trial to get to the bottom of the matter." *Sconiers*, 946 F.3d at 1263.

    **B.**    <u>**Defendant Davis's Objection**</u>

To briefly recap the underlying facts of this case, Plaintiff alleges that Defendant Davis (through the assistance of law enforcement officials from Anderson, South Carolina) followed him from Lamar County, Georgia, to Anderson, South Carolina; conducted a warrantless search of his vehicle; and arrested him without a warrant. [Doc. 7, p. 5]. As means to get the § 1983 claim Plaintiff asserts against him dismissed, Defendant Davis attached a Declaration [Doc. 28-1] from Carrie Skeen to his Answer. The magistrate judge's recommendation regarding the Court's consideration of this Declaration forms the basis of Defendant Davis's Objection.

To recap, the magistrate judge stated that Defendant Davis "has not shown" that consideration of the Declaration attached to Defendant Davis's Answer would be proper. [Doc. 34, p. 2]. As noted by the magistrate judge, Rule 12(d) provides the avenue by which Rule 12(b)(6)- and 12(c)-based motions can be converted into motions for summary judgment under Rule 56. [Doc. 34, p. 2]. Rule 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Federal Rule of Civil Procedure 7(a) defines "pleadings" to include both "a complaint" and "an answer to a complaint." Fed. R. Civ. P. 7(a)(1)–(2); *Horsley*, 304 F.3d at 1134. Further, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *Horsley*, 304 F.3d at 1134. Thus, "[i]t would seem to follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment." *Horsely*, 304 F.3d at 1134.

To avoid conversion of a motion brought under Rule 12 into one under Rule 56, of course, ushers in the "incorporation by reference" doctrine adopted by the Eleventh Circuit years ago. *Id.* (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999)). Under this doctrine, "a document attached to a motion to dismiss"—that is, one under Rule 12(b)(6)—"may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley*, 304 F.3d at 1134 (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley*, 304 F.3d at 1134 (citing cases). Although the doctrine originally applied to Rule 12(b)(6) motions, the Eleventh Circuit held that it should apply in Rule 12(c) cases as well "[g]iven that the operative

rule language is identical and that the provisions serve the same purpose." *Horsley*, 304 F.3d at 1134. So now, all that remains to be resolved as a result of Defendant Davis's Objection is whether consideration of Carrie Skeen's Declaration on a Rule 12(c) motion would be proper. *See* Fed. R. Civ. P. 72(b)(3).

        1.      <u>Whether Carrie Skeen's Declaration May Properly Be Considered</u>

First, in order to properly be considered, the contents of the Declaration must be central to Plaintiff's § 1983 claim. *Horsley*, 304 F.3d at 1134. Carrie Skeen is a records custodian for the Anderson County Sheriff's Office ("ACSO") in South Carolina. [Doc. 28-1, Skeen Decl., p. 1, ¶ 2]. According to the ACSO records authenticated by Ms. Skeen, Defendant Davis was not present at the scene of Plaintiff's detention, did not detain Plaintiff, search Plaintiff's vehicle, or arrest him. [Doc. 28-1, Skeen Decl., p. 2 ¶ 3, pp. 3–6]. The ACSO records appear to only mention Defendant Davis once: an investigator by the name of R.B. Ables, at Defendant Davis's request, went to the Anderson County Detention Center "to take digital photographs of the suspects['] shoes related to th[e] incident[.]" [*Id.* at p. 6]. Thus, the narratives provided within the ACSO records by those involved with Plaintiff's detention, the search of his vehicle, or his subsequent arrest are central to whether Plaintiff can sustain a § 1983 claim against Defendant Davis.

Second, in order to properly be considered, the authenticity of the ACSO records attached to Ms. Skeen's Declaration must not be challenged. *Horsley*, 304 F.3d at 1134. Despite having ample opportunity to do so via his Response [Doc. 31], Plaintiff does not

9

challenge the authenticity of the ACSO records relied upon by Defendant Davis in his efforts to have Plaintiff's § 1983 claim dismissed. *See generally* [Doc. 31]; *see also Shaw v. Peach Cnty.*, No. 5:21-cv-00145-TES, 2021 WL 4203233, at *1 n.2 (M.D. Ga. Sept. 15, 2021) (considering an attached document to be undisputed where a "[p]laintiff had the opportunity to . . . but . . . failed to discuss the document at all"). While the contents of the ACSO records may be in dispute between Plaintiff and Defendant Davis, Plaintiff does not dispute the authenticity of the ACSO records themselves. *See Vistein v. Henson*, 746 F. App'x 937, 939 n.1 (11th Cir. 2018) (citing *Horsley*, 304 F.3d at 1134). For purposes of the "undisputed" inquiry before the Court, "undisputed," under *Horsley*, only looks to whether the authenticity of the ACSO records is challenged. *Horsley*, 304 F.3d at 1134. Here, it is not.

Therefore, since the ACSO records are central to Plaintiff's § 1983 claim against Defendant Davis and because Plaintiff merely quarrels with the lawfulness of the search and seizure that led to his arrest as opposed to the authenticity of the ACSO records detailing those events, Defendant Davis satisfied the two requirements to show the Court that it may consider the written instrument he attached to his pleading. *See Vistein*, 746 F. App'x at 939 n.1. To the extent the magistrate judge's R&R recommends otherwise, the Court **REJECTS** that recommendation.

    2.    <u>Comparison of the Competing Pleadings</u>

Having shown that consideration of the ACSO records is proper, a simple

comparison of Plaintiff's operative Complaint [Doc. 7] and Defendant Davis's Answer is all that remains for determining whether Defendant Davis is entitled to judgment based on the current record. *See Stanton*, 239 F.2d at 106. As it must, the Court "accept[s] the facts in the complaint as true" and compares them against what Defendant Davis offers via his pleading. *Hawthorne*, 140 F.3d at 1370. Again, if a comparison of the averments in the competing pleadings reveals a dispute of a material fact, judgment on the pleadings must be denied. *Stanton*, 239 F.2d at 106.

Upon consideration of the Defendant Davis's Answer and the attached ACSO records, his contentions couldn't be clearer. First, Defendant Davis states that "[n]o alleged act or omission on [his] part . . . proximately caused or contributed to the incident complained of pursuant to the Anderson County, South Carolina[,] Sheriff's Office Incident Report of Plaintiff's arrest[.]" [Doc. 28, p. 2]. Second, Defendant Davis contends that "another person" "with the Lamar County Sheriff's Office in Georgia . . . kept his eyes on the suspect vehicles and contacted the Anderson County Sheriff's Office for assistance." [*Id.*]; [Doc. 28-1, Skeen Decl., p. 5]. In short, Defendant Davis argues that because he wasn't there, he can't be liable.

Plaintiff, on the other hand, says that Defendant Davis was there. Specifically, via his operative Complaint, Plaintiff alleges that Defendant Davis "never stated his position . . . *through the arrest procedures*[.]" [Doc. 7, p. 5 (emphasis added)]. Viewed in the light most favorable to Plaintiff as the nonmoving party, Plaintiff clearly alleges that

11

Defendant Davis *was present* during the events surrounding his § 1983 claim. *See Hawthorne*, 140 F.3d at 1370. The Court simply isn't permitted to believe Defendant Davis's allegations over Plaintiff's. On this record and by applying the relevant legal standards appliable to motions under Rule 12(b)(6), Rule 12(c), and even Rule 56, it is as the magistrate judge stated: "Plaintiff says [Defendant] Davis was there, [Defendant] Davis says he was not." [Doc. 34, p. 2]; *see also Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment."). Given that a disputed material fact emerges from the competing pleadings, judgment under Rule 12(b)(6), Rule 12(c), or Rule 56—on *this* record—is improper. *See Stanton*, 239 F.2d at 106 (noting that judgment on the pleadings is only appropriate where the allegations in the answer "do not conflict with those of the complaint[]").

    Simply put, Defendant Davis, as the movant, is asking the Court to view *his* factual offerings in a light that is most favorable to *him* and simultaneously deem Plaintiff's allegations in his operative Complaint to be false. Defendant Davis's route to dismissal at this juncture is in absolute contravention of the well-known standards applied to motions brought under Rules 12(b)(6) and 12(c). And, although the Court certainly recognizes that the decisive inquiry on the motion before it is a "context-specific task that requires [it] to draw on its judicial experience and common sense[,]" *Iqbal*, 556 U.S. at 679, it is nonetheless bound by the Federal Rules of Civil Procedure

and the precedential and often-persuasive case law that interprets them. That said, the Court must **ADOPT** the portion of the magistrate judge's R&R stating that Defendant Davis may not properly be awarded judgment under either Rule 12(b)(6) or 12(c).[3]

### C.  Conclusion

For the reasons discussed above, the Court **ADOPTS in part** and **REJECTS in part** the United States Magistrate Judge's Report and Recommendation [Doc. 34] and **DENIES** Defendant Davis's Motion to Dismiss [Doc. 27].

**SO ORDERED**, this 29th day of November, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] As for Defendant Davis's arguments concerning the all-important element of causation for a § 1983 claim, *see Smith v. City of Oak Hill*, 587 F. App'x 524, 527 (11th Cir. 2014) (quoting *Heck v. Humphrey*, 512 U.S. 477, 483 (1994)), the Court cannot address them unless and until the disputed material fact regarding his presence at or absence from Plaintiff's detention scene, search, and subsequent arrest is resolved through proper evidentiary channels. *See also Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–06 (1986)).